IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAPTAIN PRAK, and<br>SARAH ANGERILLO,<br><br>    Plaintiffs,<br><br>v.<br><br>KHALID SKAF, RANA SKAF,<br>COOK FUTURES, LLC,<br>CHESTER GURLEY, CAROL<br>GURLEY, RICHARD D. ABELL,<br>R. SCOTT ABELL, SCOTT R.<br>ROBERTSON, DENNIS<br>WHEELER, U.S. DEPARTMENT<br>OF INTERIOR,<br><br>    Defendants. | Case No. 23-cv-03403-SPM |

MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

  Pending before the Court is a Motion to Add a Necessary Party filed by plaintiffs Captain Prak ("Prak") and Sarah Angerillo ("Angerillo"). (Doc. 100). Within the motion, plaintiffs allude to the January 25, 2024 hearing wherein the Court advised Prak that he needed to amend his pleading to add an additional defendant, Daniel Lutchka (*Id.*).

BACKGROUND

  On September 15, 2023, plaintiffs Captain Prak ("Prak"), Sarah Angerillo ("Angerillo"), and Emma Petro ("Petro"), initiated this action by filing a complaint and petition for preliminary injunction in the First Judicial Circuit, Williamson County, Illinois, *to wit*: 23-CH-21. (Doc. 1-2). Within the complaint, plaintiffs assert they are

owners of an easement, implied or otherwise, across and/or adjacent to defendants' properties. (*Id.*).

On October 17, 2023, defendant United States Department of Interior filed its Notice of Removal pursuant to 28 U.S.C. §1441(a). (Doc. 1)[1]. The US claimed an interest in the land and contended that this Court had original subject matter jurisdiction pursuant to 28 U.S.C. 1346(f). (*Id.*).

On November 20, 2023, three motions to dismiss the complaint were filed.[2] (Docs. 51, 53, 54). On November 21, 2023, a telephone status conference was held, at which time plaintiffs were granted 21 days to file an amended complaint. (Docs. 55, 56).

On December 11, 2023, plaintiffs[3] filed an amended complaint with this Court, setting forth the following theories of recovery: (1) Count I – Implied Easement by Necessity; (2) Count II – Easement by Necessity; (3) Count III – Prescriptive Easement; (4) Count IV – Petition for Preliminary Injunction; and, (5) Count V – Express Easement. (Doc. 63). Accordingly, the pending motions to dismiss were terminated as moot. (d/e 65).

On December 14, 2023, plaintiffs filed a motion for an emergency hearing on preliminary injunction. (Doc. 68). Plaintiffs claimed defendant Khalid Skaf was destroying the easement and provided pictures to purportedly support their contentions; however, the photographs were neither dated nor described with particularity what was depicted. (Docs. 68-1 – 68-8).

---

[1] Williamson County, Illinois lies within the Southern District of Illinois.

[2] Although only three motions were filed, the motions represented six of the defendants herein.

[3] The Amended Complaint named Prak and Angerillo as the plaintiffs so Petro was terminated as a party on December 11, 2023.

On December 22, 2023, the first motion to dismiss was filed regarding the amended complaint[4]. (Doc. 70). On that same date, the Court set the motion for preliminary injunction for hearing on January 25, 2024, with a response deadline of January 12, 2024 and a reply deadline of January 19, 2024. (d/e 72).

On January 25, 2024, the Court began to conduct the hearing on preliminary injunction. However, after almost three hours of testimony, it was clear to this Court that it could not reach a decision on the merits without the addition of Daniel Lutchka ("Lutchka"), whom this Court deemed a "necessary party". Accordingly, the hearing was adjourned, and on February 29, 2024, this Court denied plaintiffs' motion (d/e 107).

On February 5, 2024, plaintiffs filed this motion, asserting that the Court, on its own initiative, requested that plaintiffs add Lutchka to this case. (Doc. 100). Within the motion, plaintiffs indicated that although Lutchka has done nothing adverse against plaintiffs, he is necessary to complete resolution of the issues surrounding Coyote Lane. (*Id.*).

On February 13, 2024, the US filed a response to plaintiffs' motion, arguing that plaintiffs motion makes it clear that they do not intend to pursue all potential claims against Lutchka nor did they comply with local rules for amending complaints. (Doc. 102). While it is true that plaintiffs did not comport with Local Rule 15.1, they rectified this situation, albeit untimely, the next day with the filing of the proposed second amended complaint as an exhibit to the previously filed motion. (Doc. 105).

---

[4] The Court notes that three additional motions to dismiss that represented the remaining defendants were filed on December 26, 2023.

On February 13, 2024, plaintiffs filed a reply in support of their motion asserting that they did not intend to "drag" another party into this matter, but that they are doing so at the Court's directive. (Doc. 103). While the means may be questionable, they have moved to add Lutchka to the complaint as a necessary party. And, in accordance with local rules, on February 14, 2024, plaintiffs filed the proposed second amended complaint as an exhibit to their motion to add a necessary party. (Doc. 105). This pleading added Lutchka as a defendant. (*Id.*).

## LEGAL STANDARD

Rule 19 of the Federal Rules of Civil Procedure is entitled, "Required Joinder of Parties" and specifies which parties must be joined, and what the court should do if joinder is not feasible. FED. R. CIV. P. 19. The purpose of Rule 19 is to "permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *See Askew v. Sheriff of Cook Cnty,* 568 F.3d 632, 634 (7th Cir. 2009).

The Rule 19 analysis proceeds in two steps[5]. *Thomas v. United States,* 189 F.3d 662, 667 (7th Cir. 1999). First, the Court determines which parties, if any, fall within the scope of Rule 19(a)(1). *Askew,* 568 F.3d at 635. If the court identifies such a party, it determines at step two how to proceed. *Id.* If the absent party "is a person who is subject

---

[5] Rule 19(a) provides, in relevant part: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party." FED. R. CIV. P. 19(a).

to service of process and whose joinder will not deprive the court of subject-matter jurisdiction," the court must order the absent party's joinder under Rule 19(a)(2). *Id.*

Rule 19(b) comes into play "[o]nly if the court determines that a party meets the criteria of Rule 19(a)(1)(A) and (B), but the party cannot be joined (usually because joinder would destroy complete diversity or the court lacks personal jurisdiction over it) ...." *Id.* Rule 19(b) requires the court to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b).

Rule 19 uses the terms "required party" and "feasible." Prior versions of the rule used the term "necessary" to describe required parties, who became "indispensable" if their joinder was not feasible and the lawsuit could not proceed without them under FRCP 19(b). *See Davis Companies v. Emerald Casino, Inc.,* 268 F.3d 477 (7t Cir. 2001); *Challenge Homes, Inc. v. Greater Naples Care Ctr.*, Inc., 669 F.2d 667, 669 n.3 (11th Cir. 1982). Although amendments to Rule 19 eliminated this terminology, the words "necessary" and "indispensable" are still used.

## ANALYSIS

With this action, plaintiffs seek judicial determination that they are the holders of an easement, whether it be implied, express, prescriptive, or by necessity, at what is commonly referred to as Coyote Lane. (Doc. 63). As such, they have pursued this action against numerous defendants upon whose land the easement traverses. (*Id.*). Within the prayer for relief, plaintiffs also seek injunctive relief to restrain and enjoin defendants interfering with their use and maintenance of Coyote Lane. (*Id.*).

On January 25, 2024, a hearing was conducted on plaintiffs' motion for preliminary injunction. During the hearing, there was testimony that the prior owner of plaintiffs' property, Karl Stein, had another ingress/egress route to the property via Cypress Drive, which was a paved road that was maintained by the county. This route went through a gravel driveway on Daniel Lutchka's property. Stein claimed he had reached an agreement with Lutchka to use his property, but according to Prak, said agreement did not transfer to him. Prak further indicated he did not have permission to use the gravel driveway and there was no easement, so he claimed at his only available ingress and egress was via Coyote Lane.

As such, the Court determined that Daniel Lutchka ("Lutchka") was a "necessary" party to this litigation even though he was not named as a defendant. In other words, the Court could not determine if plaintiffs could prevail on their motion for preliminary injunction without Lutchka's presence in this case. In fact, the Court indicated that "while Lutchka may not want you to use the gravel road to access Cypress, he may not have a choice". (Tr. p.25:13-16). Indeed, the relationship the Praks have with the Cypress driveway, if any, may be a dispositive factor in whether plaintiffs can establish the burden at the preliminary injunction stage.

In this case, plaintiffs filed a five-count pleading. In order to obtain a preliminary injunction, regardless of the cause of action, the analysis is the same. Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Chi. Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.,* 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)). Even so, "it is an extraordinary remedy that should

not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Id.* In other words, a preliminary injunction should never be granted unless a case clearly demands it. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008).

"To obtain a preliminary injunction, a plaintiff must show that: (1) without this relief, it will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020) (cleaned up). "If the court determines that the moving party has failed to demonstrate any one of these three threshold requirements, it must deny the injunction." *Girl Scouts of Manitou Council, Inc.*, 549 F.3d at 1087. In this case, Lutchka's absence created a question regarding the likelihood of success on the merits.

When this motion was filed on February 5, 2024, plaintiffs did not attach a copy of the purported amended pleading. (Doc. 100). Instead, the amended complaint was erroneously filed on February 14, 2024 as an exhibit, but was later modified by the clerk's office. (Doc. 105). The Court notes that plaintiffs appear to have complied with local rules in underlying all additions to the amended pleading, which include identifying Lutchka as a defendant.

## CONCLUSION

To the extent that plaintiffs are seeking leave to add Lutchka as a defendant, the motion is GRANTED. Plaintiffs shall file the second amended complaint within 7 days, or by March 11, 2024. Defendants shall either answer or file a responsive pleading to second amended complaint within 21 days of its filing.

The Court notes that plaintiffs have requested summons for Daniel Lutchka. (Doc. 109). Once the second amended complaint is filed, the clerk shall issue proper summons. Additionally, all pending motions attacking the prior pleading shall be terminated as moot.

**IT IS SO ORDERED.**

**DATED: March 4, 2024**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
