IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAPTAIN PRAK and<br>SARAH ANGERLILLO,<br><br>                Plaintiffs,<br><br>v.<br><br>KHALID SKAF, RANA SKAF,<br>COOK FUTURES LLC, CHESTER<br>GURLEY, CAROL J. GURLEY,<br>RICHARD D. ABELL, R. SCOTT<br>ABELL, SCOTT L. ROBERTSON,<br>DENNIS WHEELER, UNITED<br>STATES DEPARTMENT OF<br>INTERIOR, and DANIEL<br>LUTCHKA,<br><br>                Defendants. | Case No. 23-cv-03403-SPM |

# MEMORANDUM AND ORDER

## McGLYNN, District Judge:

Pending before this Court are Plaintiffs' Motion for Leave to File Third Amended Complaint under Federal Rule of Civil Procedure 15(a)(2) (Doc. 146), and Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC") filed by Defendant United States Department of Interior ("USDOI"). (Doc. 115). For the reasons set forth below, the Court **DENIES** the Motion for Leave to Amend and **GRANTS** the Motion to Dismiss. This Court further **REMANDS** the case to the First Judicial Circuit, Williamson County, Illinois.

### PROCEDURAL BACKGROUND

This action originated in the Circuit Court of the First Judicial Circuit, Williamson County, Illinois on September 15, 2023 when plaintiffs filed their initial

complaint against defendants herein, *to wit,* 2023CH21. (Doc. 1-2). The complaint was filed in two counts and included a Petition for Preliminary Injunction. (*Id.*).

On October 17, 2023, a notice of removal was filed in this court pursuant to the provisions of 28 U.S.C. § 1441(a). (Doc. 1). Specifically, USDOI asserted that this Court had original subject matter jurisdiction over this matter because plaintiffs sought to quiet title to land in which the U.S. had an interest. (*Id.*). Indeed, an action to quiet title to land in which the U.S. claims an interest is removable to the federal district court in the district where the state action is pending. (*Id*); *see also* 28 U.S.C. §§ 1441(d) and 2409a.

On October 25, 2023, plaintiffs filed four separate motions, including a Motion to Grant Preliminary Injunction. (Docs. 8, 10, 12, and 14). On October 26, 2023, plaintiffs sought numerous entries of default; however, said defaults were denied because plaintiffs had neither first sought a clerk's entry of default nor had they provided the requisite returns of service. (Docs. 17, 18). On October 31, 2023, after filing the returns of service, plaintiffs again sought several entries of default; however, prior to any defaults being entered, numerous defendants filed their entries and were granted extensions to file responsive pleadings. (Doc. 33).

On November 20, 2023, defendants R. Scott Abell, Richard D. Abell, and Scott L. Robertson, collectively referred to as "Abell Defendants", and defendants Khalid Skaf and Rana Skaf, collectively referred to as "Skaf Defendants", and defendant Cook Futures LLC ("Cook Futures") filed their respective motions to dismiss. (Docs. 51, 53, and 54). On November 21, 2023, the Court held a status hearing via telephone. (Doc. 55). At the conference, plaintiffs advised of their intent to file an amended complaint;

therefore, leave was granted before addressing the pending motions to dismiss. (Doc. 56).

On December 11, 2023, plaintiffs filed first amended complaint ("FAC"), which was the first pleading in this Court. (Doc. 63). Accordingly, all pending motions addressing the complaint were terminated as moot. (Doc. 65). However, on December 22, 2023, the Abell defendants filed a motion to dismiss FAC (Doc. 70); and, on December 26, 2023, the Skaf defendants, USDOI, and Cook Futures filed their motions to dismiss. (Docs. 75, 76, and 79).

On January 25, 2024, this Court held a hearing on Plaintiffs' Motion for Preliminary Injunction. (d/e 99). During the proceeding, it became clear to the Court that Daniel Lutchka was a necessary party in this matter and that the plaintiffs would need to file an amended complaint to add a defendant. (d/e 107).

On March 4, 2014, plaintiffs filed a Second Amended Complaint ("SAC") which added Daniel Lutchka as a defendant, and which set forth the following counts:

- Count I – Implied Easement by Necessity;
- Count II – Easement by Necessity;
- Count III – Prescriptive Easement;
- Count IV – Petition for Preliminary Injunction; and,
- Count V – Express Easement. (Doc. 113).

The counts retained their prior designations, although additional supporting documentation was added along with Lutchka as a defendant. (*Id*.). In light of the FAC, all prior motions were terminated as moot; however, the defendants again filed motions to dismiss SAC. (Docs. 115, 118-120).

Although numerous motions to dismiss are pending, the Court is first

considering the motion to dismiss filed by the USDOI[1]. (Doc. 115). The government seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure with claims that the allegations of the SAC do not fit within the narrow waiver of sovereign immunity set forth in the Quiet Title Act, 28 U.S.C. § 2409a. (Doc. 115). The government contended that plaintiffs failed to properly allege the terms and existence of a specific easement, which was alternatively pled by plaintiffs as an implied easement by necessity, an easement by necessity, a prescriptive easement, or an express easement. (*Id.*). Finally, the government also asserted that preliminary injunctions are barred under the Quiet Title Act. (*Id.*).

Plaintiffs filed a response to the government's motion to dismiss; however, much of the response was spent arguing semantics and common sense, not law. (Doc. 116). Plaintiffs countered that they pled sufficient facts within SAC such that there is no guess work and that all respondents know the stance of all others. (*Id.*). Plaintiffs further asserted that Coyote Lane is outside the jurisdiction of the refuge. (*Id.*).

On June 4, 2024, plaintiffs filed their motion for leave to amend, which included the proposed Third Amended Complaint ("TAC") as an exhibit. (Doc. 146, 146-1). Plaintiffs claimed that judicial economy supported an amended pleading; however, USDOI, the Skaf defendants, the Abell defendants, Cook Futures, and Lutchka all filed responses in opposition and/or objections to motion for leave to amend. (Docs. 150, 152, 153, 155, and 156). Within the proposed TAC, plaintiffs added a Count VI,

---

[1] The United States Department of the Interior removed this case, arguing that this Court has original subject matter jurisdiction to the extent it seeks to quiet title to land in which the United States has an interest. However, if this motion is granted, the United States would no longer be a party, making this a dispositive issue. Indeed, if it appears to the Court at any time before final judgment that it lacks subject-matter jurisdiction, it must remand the case. 28 U.S.C. § 1447.

entitled "Quiet Title", which sought an independent survey to be performed. (Doc. 146-1).

## LEGAL STANDARD

### I. Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that, if a party cannot amend under 15(a)(1), it may only amend its pleading "with the opposing party's written consent or the court's leave." FED. R. CIV. PROC. 15(a)(2). Upon a request to amend, a court "should freely give leave when justice so requires." *Id.* However, a court may deny leave to a moving party "if the amendment would be futile." *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013)(citing *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432. (7th Cir. 2009)). An amendment would be futile if "the new pleading would not survive a motion to dismiss." *Id.* (citing *Brunt v. SEIU*, 284 F.3d 715, 720-721 (7th Cir. 2002)).

### II. Motion to Dismiss

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to decide the adequacy of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, the Court accepts as true all well-pled facts in the complaint and draws all possible inferences in favor of the plaintiff. *Bell Atl. Corp.v. Twombly*, 550 U.S. 544, 555 (2007)). "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to

this presumption of truth." *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal,* 566 U.S. at 678).

In general, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). This requirement is *generally* satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[I]t is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

### III. Sovereign Immunity

It is "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (citations omitted); *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."). Sovereign immunity shields the United States and its agencies from suit. *San Juan Cnty. v. United States*, 754 F.3d 787, 792 (10th Cir. 2014).

The party bringing suit against the United States has the burden to prove that sovereign immunity has been waived. *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002). As the Supreme Court has frequently held, "a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." *Department of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999); *United States v. Nordic Village*, 503 U.S. 30, 34 (1992) (government's consent to be sued is construed "strictly in favor of the sovereign"). "Consequently, plaintiffs may not proceed unless they can establish that the United States has waived its sovereign immunity with respect to their claim." *Iowa Tribe Of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010).

## IV. Quiet Title Act

The Quiet Title Act of 1972 (QTA), 28 U.S.C. § 2409a, is "the exclusive means by which adverse claimants [can] challenge the United States' title to real property." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983). Indeed, 28 U.S.C. § 1346(f) provides that "[t]he district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." The QTA creates a limited waiver of sovereign immunity "to adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a).

It is important to note that Congress attached conditions to the waiver of sovereign immunity of the United States under the QTA. "[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those

conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block*, 461 U.S. at 287. In fact , a complaint brought under the QTA must "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d). Moreover, "[a]ny civil action under this section … shall be barred unless it is commenced within twelve years of the date upon which it accrued." 28 U.S.C. § 2409a(g). The QTA also specifies that civil actions "shall be tried by the court without a jury" and that "no preliminary injunction shall issue". *See* 28 U.S.C. § 2409a(f) and 28 U.S.C. § 2409a(c).

## ANALYSIS

In this case, plaintiffs are *pro se*. While the undersigned must view *pro se* complaints liberally and "with an understanding eye", courts should not "become an advocate" for a *pro se* plaintiff. *Donald v. Cook County Sheriff's Dept.,* 95 F.3d 548, 555 (7th Cir. 1996). Indeed, even *pro se* litigants are not entitled to a general dispensation from the rules of procedure. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). The undersigned is mindful that this case was removed from Illinois state court on October 17, 2023 and notes that Illinois law will be applied to the easement claims because the real property at issue is located in Illinois. *See Hoyt v. Benham,* 813 F.3d 349, 353 (7th Cir. 2016) (applying Indiana law to claim for easement brought under Quiet Title Act).

### I.     Motion For Leave To Amend

Plaintiffs' second amended complaint ("SAC") is brought in five counts, with all five counts purportedly asserted against all 11 defendants. (Doc. 113). On June 4,

2024, plaintiffs sought leave to file third amended complaint ("TAC") (Doc. 142). In the proposed TAC, plaintiffs seek to add a Count VI against all defendants, which is entitled "Quiet Title", and which seeks an independent survey in the prayer for relief. (Doc. 146-1). Although plaintiffs argued that judicial economy favored an amendment; this Court disagrees. Indeed, more than 8 months have elapsed since removal, but discovery has not yet even begun, and another amended pleading would just result in another round of motions to dismiss and additional, unnecessary delay.

Although Count VI is entitled, "Quiet Title", it is not brought under the Quiet Title Act, 28 U.S.C. § 2409a. In fact, the claims raised in Count VI concern state law and refer to a 1992 sale and deed between plaintiffs' predecessor, Karl Stein, and defendant Lutchka; they do not involve federal law nor do they concern and/or involve USDOI. Because the proposed Count VI deals with a boundary issue and does not arise out of the same 'case or controversy' as the claims brought against USDOI, this Court declines leave to amend and declines supplemental jurisdiction. (Doc. 155).

As set forth *infra,* to maintain suit against the United States, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court … and a federal law that waives the sovereign immunity of the United States to the cause of action. *Macklin v. United States,* 300 F.3d 814, 819 (7th Cir. 2002). In this case, plaintiffs have failed to do so. It is clear to this Court that granting leave to amend and file the proposed TAC would be futile as the TAC would not survive a motion to dismiss by USDOI. See *Foman v. Davis*, 371 U.S. 178 (1962). Accordingly, this Court denies plaintiffs' motion to amend.

## II.   MOTION TO DISMISS

USDOI argues that plaintiffs have not pled sufficient facts to fit within the limited waiver of sovereign immunity under the Quiet Title Act. (Doc. 115). This Court concurs.

Within counts I-III and V of the SAC, plaintiffs asserted against USDOI and the other named defendants[2], the existence of an easement, albeit under alternative theories (implied easement by necessity, easement by necessity, prescriptive easement, and express easement); however, plaintiffs did not comply with the pleading requirements set forth in the QTA. As set forth *infra,* a complaint seeking to quiet title as against the United States must clearly identify the plaintiffs' property claims, as well as the United States' adverse claims in that same property.

The QTA provides that "[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d). It is undisputed that the United States took almost 80 acres through eminent domain in 1939 and established Crab Orchard National Wildlife Refuge. However, plaintiffs have set forth their interest with particularity, as required under the QTA. Instead, they raised the existence of an easement under several theories against 11 different defendants. The mere fact that plaintiffs alleged alternative easement theories belies any specificity.

---

[2] Each count of the SAC was directed against every defendant and did not specify what actions, if any, were done by which defendant(s). Additionally, each subsequent count incorporated by reference many of the preceding paragraphs, although many were not applicable to the respective count. While this did not rise to impermissible "shotgun pleading" because the defendants were put on notice of the claims against them, there are concerns when multiple defendants are grouped together. *E.g.*, *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1324–25 (11th Cir. 2015); *Koh v. Graf*, No. 11-cv-02605, 2013 WL 5348326, at *5 (N.D. Ill. Sept. 24, 2013).

As a condition on the United States' waiver of sovereign immunity, a failure to satisfy these pleading requirements is a jurisdictional bar to a plaintiff's quiet title claim. *See United States v. Mottaz,* 476 U.S. 834, 843 (1986) (holding that the QTA "provides the United States' consent to suit concerning its claim to [certain] lands, provided, of course, that the plaintiff challenging the Government's title meets the conditions attached to the United States' waiver of immunity"); *Washington County v. United States,* 903 F.Supp. 40, 42 (D. Utah 1995) (holding that by failing to identify "with particularity" any interest in real property or describing "the circumstances under which" any property interest was acquired, plaintiff "failed to comply with the conditions and requirements of 28 U.S.C. § 2409a by which the United States consents to suit in quiet title actions").

A plaintiff is not relieved of its obligation to plead its interests in property with precision, simply because the other parties may know the details of the property at issue. *Hazel Green Ranch, LLC v. U.S. Dep't of Interior,* 2010 WL 1342914, *6 (E.D.Cal. Apr. 5, 2010) ("It is of no moment that Plaintiffs claim to have met with Federal Defendants to discuss the roads. The complaint must stand on its own."), *aff'd,* 490 Fed.Appx. 880 (9th Cir. 2012). As a condition on the United States' waiver of sovereign immunity, a failure to satisfy the pleading requirements under the QTA is a jurisdictional bar to a plaintiff's quiet title claim. *Board of Com'rs of Catron County, N.M. v. U.S.*, 934 F.Supp.2d 1298 (D.N.M.2013).

Notwithstanding the foregoing, Count IV of SAC is also an impermissible petition for preliminary injunction. Indeed, the very language of the QTA states, "[n]o

preliminary injunction shall issue in any action brought under this section." 28 U.S.C. §2409a(c).

Clearly, plaintiffs have failed to comply with the requirements under the QTA. As such, they have failed to state a claim upon which relief can be granted. Accordingly, USDOI shall be dismissed with prejudice.

### III. REMAND

On October 17, 2023, defendant USDOI filed its Notice of Removal of this action. (Doc. 1). The district court has original subject matter jurisdiction over this case because plaintiffs were seeking to quiet title to land in which the United States has an interest. As set forth *infra*, the undersigned has determined that the plaintiffs did not comply with the QTA and that the United States has not waived its sovereign immunity. In light of the foregoing, USDOI is DISMISSED with prejudice from this action.

If it appears to the Court at any time before final judgment that it lacks subject-matter jurisdiction, it must remand the case. 28 U.S.C. § 1447. It is the removing party's burden to establish by a preponderance of the evidence that all elements of jurisdiction existed at the time of removal. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Because jurisdiction not lie with this Court, this case shall be remanded.

### CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiffs' Motion for Leave to File Third Amended Complaint and **GRANTS with Prejudice** the Motion to Dismiss filed by defendant United States Department of Interior. Additionally, this

action shall be **REMANDED** to the First Judicial Circuit Court, Williamson County, Illinois as this Court no longer has jurisdiction.

**IT IS SO ORDERED.**

**DATED: June 20, 2024**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**