IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAPTAIN PRAK AND<br>SARAH ANGERLILLO,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>KHALID SKAF, RANA SKAF,<br>COOK FUTURES LLC, CHESTER<br>GURLEY, CAROL J. GURLEY,<br>RICHARD D. ABELL, R. SCOTT<br>ABELL, SCOTT L. ROBERTSON,<br>DENNIS WHEELER, UNITED<br>STATES DEPARTMENT OF<br>INTERIOR, and DANIEL<br>LUTCHKA,<br><br>　　　　　Defendants. | Case No. 23-cv-03403-SPM |

## MEMORANDUM AND ORDER

### McGLYNN, District Judge:

On June 20, 2024, this Court entered an Order denying plaintiffs leave to file a third amended complaint, granting with prejudice USDOI's motion to dismiss plaintiffs' second amended complaint, and remanding to the Circuit Court of the First Judicial Circuit, Williamson County, Illinois. (Doc. 163). On July 2, 2024, this Court amended said Order for the purpose of clarifying a discrepancy; however, the conclusion remained unchanged. (Doc. 167).

Pending before the Court is Plaintiffs' Motion for Reconsideration under Rules 59(e) and 60(b)(1) and (b)(2). (Doc. 165). Defendants Khalid Shak, Rana Skaf, and the United States Department of Interior ("USDOI") filed timely responses in opposition,

respectively. (Docs. 170, 171). On July 15, 2024, Prak filed a reply (Doc. 172) where he claimed USDOI made false representations in their response; however, the Court concurs with the statements made by USDOI that summarized Prak's allegations and contentions throughout these proceedings. Within the reply, Prak also arguedthat USDOI committed a taking, but this was neither argued nor raised in the underlying pleadings prior to the dismissal. The Court has carefully reviewed the record, and for the reasons outlined below, said motion is DENIED.

## ANALYSIS

District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988). In a narrow set of circumstances, a motion for reconsideration may be brought under either Federal Rules of Civil Procedure ("Rule") 59(e) or Rule 60(b).

### I.   Rule 59(e)

Altering or amending through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"; rather, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and internal quotations omitted).

A Rule 59(e) motion "is only proper when the movant presents newly

discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-253 (7th Cir. 2015)(citations and internal quotations omitted). The motion is not an invitation to rehash previously considered and rejected arguments. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

In the motion, plaintiff Prak contends that he obtained new evidence on June 26, 2024 and also contends that the Court misunderstood the pleadings and erred in interpreting the SAC. (Doc. 165). However, many of his statements incorrectly state the evidence as well as the law. Indeed, USDOI properly removed this action under 28 U.S.C. §1346. (Doc. 1). Once USDOI was dismissed, the case was properly remanded. *See Engelking v. Labor and Industry Review Com'n,* 2014 WL 3891652 (W.D. Wis. 2014).

When claiming newly discovered evidence as the basis for the motion under Rule 59, a party must show that: (1) it has evidence that was discovered post-trial; (2) it had exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result. *Envtl. Barrier Co., LLC v. Slurry Sys., Inc.,* 540 F.3d 598, 608 (7th Cir.2008). In other words, plaintiffs must show not only that the evidence was newly discovered or unknown to them until after the decision, but also that it could not, with reasonable diligence, have discovered and produced such evidence during the pending of the action. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996).

Moreover, the moving party must clearly establish that the new evidence "would probably produce a new result" in a new trial. *Envtl. Barrier Co., LLC,* 540 F.3d at 608. It is not enough if a different outcome *might* be possible. *Marcus v. Millichap Inv. Servs. Of Chi., Inc. v. Sekulovski,* 639 F. 3d 301, 314 (7th Cir. 2011) (requiring probability in the Rule 59 context) (emphasis added).

Plaintiffs cannot satisfy this burden. This case was initially filed in Williamson County, Illinois on September 15, 2023. (Doc. 1-2). On June 20, 2024, this Court dismissed USDOI. (Doc. 163). On June 26, 2024, Prak met with Deette Lund at the Illinois State Geological Survey in Urbana, Illinois and obtained a copy of an aerial photograph taken in 1965 and topographical map dated June 8, 1970, which he contends are "new evidence". (Doc. 165). There is no question that the "evidence" was obtained after the original order was issued, albeit six days later; however, the Court questions Prak's diligence in obtaining these documents in a timely fashion. In fact, the day Prak decided to go north is the day he got the documents, so it goes without saying that he could have obtained said documents had he investigated this action *prior* to filing his claim or even in response to the motions to dismiss. Additionally, there has been no showing of probability – that the evidence of the photo and map would probably, not possibly, produce a different outcome. Accordingly, the Court denies Prak's motion pursuant to Rule 59(e).

## II. Rule 60(b)

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a court may allow reconsideration on the "grounds of inadvertence, mistake, excusable neglect,

newly discovered evidence, [and] misconduct of the opposing party." FED. R. CIV. P. 60(b). Rule 60(b) is designed to provide relief from judgment "in exceptional circumstances" such as excusable neglect or manifest injustice necessitating an "extraordinary remedy." *Cincinnati Ins. Co. v. Flanders Elec. Motor Service, Inc.,* 131 F.3d 625, 628 (7th Cir.1997). In other words, Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). It is not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749. Moreover, motions to reconsider may not be used to introduce evidence that could have and should have been presented before judgment was rendered. *Obriecht v. Raemisch,* 517 F.3d 489, 494 (7th Cir. 2008).

In the reply, Prak baldly asserts that, "They (USDOI) have now gone as far as removing the original memorials that were in the ground, moved boundary line markers, lied about what Plaintiff's have plead in this motion." (Doc. 172, p. 2.). He further asserts that they effectuated a taking without Due Process; however, this argument was not previously raised. A motion for reconsideration is not a Hail Mary. Indeed, it is not the time to first present an argument. Yes, Prak is *pro se,* which he

emphasized multiple times in his pleadings. Nevertheless, "[e]ven pro se litigants must follow the rules of civil procedure." *Cady v. Sheahan,* 467 F.3d 1057, 1061 (7th Cir.2006).

Prak's argument also focuses on the previously addressed "newly discovered evidence". (Doc. 165). Evidence is deemed to be newly discovered for the purposes of Rule 60(b)(2) when *all* of the following are met: (1) the evidence was discovered following the Court's judgment; (2) due diligence to discover the evidence before the Court's judgment is shown or may be inferred; (3) the evidence is not merely cumulative; (4) the evidence is material; and (5) the evidence would probably produce a different outcome. *Matter of Chi., Milwaukee, St. Paul & Pac. R.R. Co.,* 78 F.3d 285, 293–94 (7th Cir.1996) (emphasis added). As set forth *infra,* Prak's evidence does not meet the criteria. The Court cannot find that he exercised due diligence to obtain the evidence nor has Prak shown the probability that the evidence would produce a different outcome. As such, the Court declines to grant Prak's motion to reconsider on the basis of his "new" evidence.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion to Reconsider under both Rule 59(e) and 60(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**DATED:** <u>July 23, 2024</u>

**/s/ Stephen P. McGlynn**
**STEPHEN P. McGLYNN**
**U.S. District Judge**
